ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN 23 AM 11:59

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DONNIE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-009 |
| ) | |
| CALEB DURO AJIBADE, Doctor, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison located in Grovetown, Georgia,[1] commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendants' "Pre-Answer Motion to Dismiss." (Doc. no. 15.) Plaintiff opposes the motion.[2] (Doc. no. 20.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, that Plaintiff's complaint be **DISMISSED** without prejudice, and that the case be **CLOSED**.

I.  **BACKGROUND**

Because Plaintiff is proceeding IFP, the Court screened his complaint pursuant to 28

---

[1] At the time he filed his complaint, Plaintiff was incarcerated at Johnson State Prison ("JSP"), where the events giving rise to the complaint allegedly took place. (Doc. no. 1.)

[2] Included in this document was Plaintiff's request for a Court-appointed attorney, which was denied. (See doc. nos. 21, 24.)

U.S.C. §§ 1915(e) & 1915A. The Court allowed Plaintiff to proceed with a § 1983 claim against Defendants Ajibade and Spaulding based on his allegations that they showed deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[3] (Doc. no. 7.) According to Plaintiff, he suffers from mental health issues, as well as several physical ailments including obesity, heart trouble, breathing problems, lower back pain, hernia problems, knee problems, and swollen ankles and feet, causing him to suffer in "serious pain." (Id. at 5-6, 12.) Plaintiff alleges that despite his various ailments, Defendant Ajibade, a doctor at JSP, refused to see him and instructed the nurses at JSP to deny Plaintiff medical appointments. (Id. at 5, 12.) Plaintiff further alleges that although he is mentally ill, Defendant Spaulding denied him adequate mental health care by limiting his access to a mental health counselor to mere seconds per month. (Id. at 9.)

## II. DISCUSSION

Defendants now seek to dismiss Plaintiff's complaint, arguing that Plaintiff failed to exhaust his administrative remedies, that he fails to state a claim upon which relief may be granted, that the Eleventh Amendment bars Plaintiff's claim for compensatory damages against Defendant Ajibade in his official capacity, and that both Defendants are entitled to qualified immunity. (See generally doc. no. 15.) In a one-page response, Plaintiff opposes

---

[3] Upon screening Plaintiff's complaint, the Court additionally recommended the dismissal of all other Defendants named in the complaint, as well as Plaintiff's claims of deliberate indifference based on Defendant Ajibade's alleged failure to "recognize a mental health diagnosis," the alleged failure to have a doctor present at JSP twenty-four hours per day, Defendant Ajibade's alleged refusal to supply Plaintiff with a wheelchair and alleged failure to transfer Plaintiff to a "proper medical prison," as well as Plaintiff's conditions of confinement claims and his Americans with Disabilities Act claims based on the prison grievance procedure. The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted that recommendation as the opinion of the District Court. (Doc. no. 10.)

2

Defendants' motion and requests that the Court not dismiss his case. (Doc. no. 20.)

As explained below, the Court concludes that Defendants have the better argument on the issue of exhaustion; therefore, the Court finds that it is unnecessary to reach the other arguments in Defendants' motion to dismiss.

### A. Legal Standard for Exhaustion of Administrative Remedies

Where a defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, as Defendants have here, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions.

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.
>
> . . . .
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues. . . . The defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies. . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings, the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted), *cert. denied*, 555 U.S. 1074 (2008)). Where exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient

opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

## B. Plaintiff's Failure to Exhaust Administrative Remedies

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998) If an administrative remedy is "available," it must be exhausted to satisfy § 1997e(a). See id. at 1326 (explaining that under PLRA, courts are "to focus solely on whether an administrative remedy program is 'available'"). Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims.

4

Johnson, 418 F.3d at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155); see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (*per curiam*) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001), *overruled in part on other grounds by* Porter, 534 U.S. at 532; Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

### C.     The Administrative Grievance Process

As Defendants correctly observe, the administrative grievance procedure applicable in this case is governed by the GDOC's Standard Operating Procedure ("SOP") IIB05-0001. (Doc. no. 15, Ex. 1, Attach. A.) Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure

5

commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within 10 calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has 5 business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2), (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

Here, Defendants have shown that Plaintiff's claims against them should be dismissed without prejudice because of his failure to satisfy the exhaustion requirement of § 1997(e). In support of their motion to dismiss, Defendants have produced the affidavit of Keith Morris, the Grievance Coordinator at JSP, as well as a record of Plaintiff's grievance

6

history during his incarceration there. (Doc. no. 15, Ex. 1 (hereinafter "Morris Aff.") & Attach. B.) These documents establish that Plaintiff filed seven informal grievances while incarcerated at JSP. (Id. ¶¶ 19-21 & Attach. B, C, D, E, F, G, H, I.) Some – though not all – of Plaintiff's informal grievances concern the allegations in his complaint, such as his January 19, 2011 informal grievance, where he complained that he could not get proper care for a hernia and a diabetic wound on his foot. (Id., Attach. I.) Regardless of their content, however, Plaintiff did not appeal the denial of *any* of his informal grievances despite being given the opportunity to do so. (Id. ¶¶ 22-29, 31.)

Plaintiff does not dispute that he failed to complete the administrative process by filing formal grievances, but he argues in a one-page response that his case should not be dismissed because he has gone through a great deal of suffering. (Doc. no. 20.) However, as explained above, the Court has no discretion to waive the requirement that Plaintiff exhaust his administrative remedies prior to filing suit, Alexander, 159 F.3d at 1325-26, and Defendants have shown that Plaintiff failed to properly exhaust the administrative procedure concerning his claims that Defendants Ajibade and Spaulding showed deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. See Johnson, 418 F.3d at 1155-56.

Of course, the Court is mindful that Plaintiff's complaint alleged that the prison grievance system provides inadequate assistance for prisoners with mental health issues. (Doc. no. 1, p. 6.) However, as Defendants point out, SOP IIB05-0001 § VI(A)(3) provides that "[i]nmates who need special assistance filling out the grievance form (i.e., language barrier, illiteracy, physical or mental handicap) will be given special assistance as needed by

7

the institutional staff upon request." (Morris Aff. ¶ 30.) Notably, Defendants assert, "At no point" has Plaintiff filed an informal or formal grievance concerning his allegation that he has received inadequate assistance in the grievance process. (Id.) Defendants further assert that Plaintiff has "shown his ability to file grievances by filing several proper Informal Grievances unassisted." (Id.) In light of Plaintiff's evident familiarity with the prison grievance procedure and the fact that help with the grievance process was available to him on request, the Court therefore sees no basis for altering its conclusion that Plaintiff's complaint should be dismissed.

Accordingly, Defendants' motion to dismiss should be **GRANTED**, and Plaintiff's Eighth Amendment claims against Defendants Ajibade and Spaulding – which are the only claims with which he has been allowed to proceed in this case – should be dismissed without prejudice for failure to comply with the exhaustion requirement of §1997e(a).

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 15) be **GRANTED**, that Plaintiff's complaint be **DISMISSED** without prejudice, and that the case be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE